## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOILERMAKER-BLACKSMITH NATIONAL )<br>PENSION TRUST; BOILERMAKERS NATIONAL)<br>HEALTH AND WELFARE FUND; )<br>BOILERMAKERS NATIONAL ANNUITY )<br>TRUST; JOHN FULTZ as a fiduciary of the )<br>BOILERMAKER-BLACKSMITH NATIONAL )<br>PENSION TRUST, BOILERMAKERS )<br>NATIONAL HEALTH AND WELFARE FUND )<br>and BOILERMAKERS NATIONAL ANNUITY )<br>TRUST, )<br> )<br>          Plaintiffs, )<br>vs. )<br> )<br>SOUTHERN SPECIALTY WELDING, LLC, )<br> )<br>          Defendant. )  | <br><br><br><br><br><br><br><br><br><br><br><br>Case No.  2:19-cv-2638 |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Southern Specialty Welding, LLC, state as follows:

## PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1.     Pursuant to D. Kan. Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

## NATURE OF THE CASE

2.     Plaintiffs bring this action under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to compel an audit and to collect fringe benefit contributions from Defendant as may be due and owing to the Plaintiff Employee Benefit Plans.

## PARTIES

3.     Plaintiff Boilermaker-Blacksmith National Pension Trust ("the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Pension Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101.  The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4.     Plaintiff Boilermakers National Health and Welfare Fund ("the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Health & Welfare Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101.  The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5.     Plaintiff Boilermakers National Annuity Trust ("the Annuity Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3).  The Annuity Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).  The Annuity Fund maintains its principal place of administration at 754 Minnesota Avenue, Kansas City, Kansas 66101.  The Annuity Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.      Plaintiff John Fultz is a fiduciary of the Pension Fund, Health & Welfare Fund, and Annuity Fund (collectively, "the Funds"), within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

7.      Defendant, Southern Specialty Welding, LLC, is a limited liability company organized under and existing by virtue of the laws of the State of Alabama.  Defendant is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

8.      This Court has subject matter jurisdiction of Plaintiffs' claims under 29 U.S.C. §§ 1132 and 1145, and 28 U.S.C. § 1331.

9.      This Court has personal jurisdiction and venue is appropriate in this district under 29 U.S.C. § 1132(e)(2) because the Funds are administered in the District of Kansas.

## CAUSE OF ACTION

10.     At all times relevant hereto, Defendant has been a party to one or more collective bargaining agreements with the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO and/or affiliate local unions of the Boilermakers International (collectively, "the Union").

11.     Each of the Funds is established and operated pursuant to a written agreement and/or declaration of trust ("Trust Agreements").

12.     The Trust Agreements are incorporated by reference into and are a material part of the collective bargaining agreement(s) between Defendant and the Union.

13.     Upon information and belief, at all times material and relevant to this action, Defendant has employed employees who have performed covered work under the collective bargaining agreement(s).

14.     The collective bargaining agreement(s) require Defendant to timely submit reports and fringe benefit contributions to the Funds.

15.     Under the collective bargaining agreement(s), Defendant must submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Defendant's employees at the rates established for each of the Funds in the collective bargaining agreement(s).

16.     The collective bargaining agreement(s) require that contributions due to the Funds are to be paid by the fifteenth (15th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

17.     Under the Trust Agreements and ERISA, the Funds may audit the books and records of employers obligated to remit reports and contributions to the Funds to ensure that such employers are complying with their reporting and contribution obligations. *See Cent. States Pension Fund v. Cent. Transp.*, 472 U.S. 559 (1985).

18.     And, under the Trust Agreements and ERISA, the Funds are entitled to seek judicial relief compelling an audit of any signatory employer who fails or refuses to submit to an audit of its books and records, and further, are entitled to recover the costs and expenses incurred by the Funds in seeking such judicial relief. *See id.*

19.     The Funds have demanded Defendant to disclose certain documents so that the Funds can conduct an audit.

20.     Defendant has failed and/or refused to provide to the Funds all the documents necessary for the Funds to conduct a full and complete audit of Defendant's books and records in order to determine its compliance with its reporting and contribution obligations under the collective bargaining agreement(s).

4

21.     So, the Funds are entitled to an order compelling Defendant to submit to an audit, including an order compelling Defendant to produce all documents necessary for a full and complete audit.

22.     The Funds have incurred and will continue to incur costs and expenses, including attorney's fees, to remedy Defendant's failure and/or refusal to provide all documents necessary for a full and complete audit.

23.     Under the Trust Agreements and ERISA, the Funds are entitled to recover these costs and expenses, including attorney's fees, from Defendant.

24.     Under the collective bargaining agreement(s) and ERISA, Defendant must pay any delinquent contributions that may be revealed by an audit of its books and records, and also must pay liquidated damages and interest that the Funds assess upon such delinquent contributions.

25.     So, to the extent an audit of Defendant reveals the existence of any unpaid and delinquent contributions, Defendant is liable to the Funds for such contributions, liquidated damages, and interest.  Defendant is also liable to pay the Funds' costs and reasonable attorney's fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a)     Compelling Defendant to submit to a full and complete audit of its books and records in order to determine Defendant's compliance with its contribution obligations under the collective bargaining agreement(s);

b)     Allowing the Plaintiffs to apply for an award against Defendant for any contributions as are determined to be due and owing as based on the audit, plus liquidated damages and/or interest on the fringe benefit contributions;

5

c)      Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorney's fees; and

d)      Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone:  (913) 321-8884
Facsimile:  (913) 321-2396

By      /s/ Nathan A. Kakazu
        Nathan A. Kakazu, KS 28276
        **ATTORNEY FOR PLAINTIFFS**

6